IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SUSAN MICHELLE SIBOLE,

    Plaintiff,

v.                          Civil Action No. 5:14CV3
                                       (STAMP)
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DISMISSING WITH PREJUDICE CERTAIN CLAIMS
AND OVERRULING THE PLAINTIFF'S OBJECTIONS**

I. Background

The plaintiff, proceeding pro se,[1] seeks judicial review of the final decision of the defendant. The plaintiff allegedly suffers from many serious medical conditions, including epilepsy, serious kidney issues, chronic fatigue syndrome, vertigo, osteoporosis, migraines, irritable bowel syndrom, and depression. Because of these medical complications, she resigned from her work with the United States Postal Service and filed for Social Security benefits at the age of forty-seven. Nonetheless, United States Administrative Law Judge ("ALJ") Marc Mates found that the plaintiff did not have an impairment that satisfied the disability requirements of the Social Security Act.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

After filing her complaint with this Court, the parties filed motions for summary judgment. The plaintiff argues that the defendant failed to consider the opinion of her neurologist, Dr. Paul Lyons. The plaintiff alleges that Dr. Lyons clearly stated that the plaintiff cannot work. The defendant asserts that the ALJ's opinion is based on substantial evidence and should be affirmed. Specifically, the defendant argues that the plaintiff failed to demonstrate that she is disabled as defined under the relevant regulations.

Following the motions for summary judgment, the magistrate judge entered his report and recommendation, finding for the defendant. Specifically, the magistrate judge found that the ALJ correctly applied the five-step evaluation process in both its totality and at each step. Further, the ALJ's decision was based on substantial evidence. In assessing the five-step evaluation process, the magistrate judge first found that the plaintiff did not engage in substantial gainful activity since the onset of her disabled status on June 1, 2010. Second, the ALJ correctly found that the plaintiff suffered from an impairment. Third, the magistrate judge found that the ALJ properly listed and considered all of the impairments and their effects on the plaintiff. More importantly, the ALJ determined that the plaintiff's credibility regarding the severity of her maladies was doubtful, which the magistrate judge agreed was based on substantial evidence. Fourth,

the magistrate judge agreed with the ALJ in finding that the plaintiff performed past relevant work. Finally, the magistrate judge found that the plaintiff's new evidence, here Dr. Lyons's medical evaluations and records, was untimely. Therefore, the magistrate judge found that the proper remedy for the plaintiff is to refile for benefits rather than attempt to overturn the ALJ's decision. Thus, the magistrate judge recommended that this Court grant the defendant's motion and deny the plaintiff's motion. Further, he recommended that this case be dismissed with prejudice.

The plaintiff timely filed objections. The plaintiff appears to maintain two objections. First, she claims that her medical records, including those of Dr. Lyons, demonstrated that she has an impairment. Second, she argues that she has not performed past relevant work for several years. In addition, she again restated her maladies. She also provided a list of her medications and a description of her medical information.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous. Because the plaintiff filed objections, this Court will undertake a de novo review as to those

portions of the report and recommendation to which objections were made.

## III. Discussion

In her motion for summary judgment, the plaintiff claims that the Appeals Council failed to consider her medical records from Dr. Lyons. The plaintiff alleges that Dr. Lyons "clearly stated" that the plaintiff was unable to work. Thus, she argues that a failure to rely on such evidence could have negatively affected her claim for benefits. In the defendant's motion for summary judgment, the defendant asserts that: (1) the plaintiff failed to meet her burden of proving that she was disabled under the Act; (2) the ALJ followed the controlling regulations in finding the plaintiff's complaints were not entirely credible; and (3) that remand is unwarranted to consider new material and evidence.

"Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's

decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Finally, because the plaintiff proceeds pro se, she is entitled to a liberal construction of her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Miller v. Barnhart, 64 F. App'x 858 (4th Cir. 2003).

In her objections, the plaintiff claims that the ALJ and Appeals Council erred by failing to consider her medical records from Dr. Lyons. However, such evidence was not part of the record when the ALJ presided over the matter. Instead, the plaintiff allegedly proffered those records to the Appeals Council. The magistrate judge then addressed the plaintiff's assignment of error in turn and found that substantial evidence existed to support the ALJ's findings. For the reasons set forth below, this Court agrees with the magistrate judge's determinations and overrules the plaintiff's objections.

First, the ALJ properly used the five-step sequential evaluation process to determine if a claimant is disabled, pursuant to 20 C.F.R. §§ 404.1520 and 416.920 (2012). In order to determine if a claimant is "disabled" under the Social Security Act, the ALJ uses a five-step sequential evaluation. Under this five-step process, the ALJ determines whether: (1) the claimant engages in "substantial gainful activity;" (2) the claimant maintains a "severe medically determinable physical or mental impairment;" (3)

the impairment satisfies one of the listings contained in the regulations; (4) when considering the claimant's "residual functional capacity," the claimant is able to engage in his or her "past relevant work;" and (5) the claimant "can make an adjustment to other work." 20 C.F.R. §§ 404.1520(a), 416.920(a); see also Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012).

After considering the above analysis in light of the record before this Court, the magistrate judge correctly determined that the ALJ's findings were supported by substantial evidence. First, the ALJ correctly determined that the plaintiff has not engaged in any substantial gainful activity since June 1, 2010. Second, the plaintiff did suffer from a severe impairment, which the ALJ concluded. Specifically, the ALJ found that the plaintiff suffered from kidney disease, chronic obstructive pulmonary disease, seizures, and a host of other medical maladies. Third, the ALJ appropriately found that the plaintiff's impairments did not satisfy the severity requirement and that her credibility regarding the severity was seriously in doubt. The ALJ properly noted the inconsistencies between the plaintiff's claims of the severity of her ailments and the findings in the record. For example, as the magistrate judge correctly points out, the plaintiff reported to her physicians that her medications have controlled her seizures over the past ten years and limited her instances of vertigo. However, at her hearing, the plaintiff alleged that her condition

was much more severe, including daily seizures. Therefore, such inconsistencies justified the ALJ's doubts about the plaintiff's credibility and the severity of her illnesses.

Fourth, the ALJ correctly determined that the plaintiff was capable of performing past relevant work. In particular, the plaintiff's past occupations included an officer manager, a data entry clerk, and a convenience store cashier. Based on the analysis of her conditions and the opinions of the plaintiff's physicians, the ALJ, based on substantial evidence, accurately found that the plaintiff was capable of performing her past relevant work. Finally, the ALJ found that the plaintiff could adjust to similar occupations. Accordingly, the ALJ's decisions were based on substantial evidence that was before him. Furthermore, this Court agrees with the findings of the magistrate judge concerning his review of the plaintiff's action.

As stated earlier, however, the plaintiff points to two alleged errors in the magistrate judge's report and recommendation. First, she claims that her medical records, including information from 2014 by her neurologist Dr. Lyons, demonstrate that she cannot work due to her impairments. Regarding the plaintiff's medical records from Dr. Lyons, those medical records are from 2014. As the magistrate judge correctly noted, a claimant may, when requesting review by the Appeals Council, submit additional evidence. 20 C.F.R. § 41.1470(b). If that is the case, the

Appeals Council must consider such evidence submitted with a request for review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health and Human Services, 953 F.2d 93, 95-96 (4th Cir. 1991) (internal citations omitted). "New" evidence means that the evidence is not duplicative or cumulative. Id. at 96. In addition, "material" evidence means that a reasonable possibility exists that "the new evidence would have changed the outcome." Id.

The plaintiff's claim of error is incorrect because the medical records are from 2014, meaning that they do not "relate to the period on or before the date of the ALJ's decision." Id. As provided earlier, the ALJ's decision is from September 25, 2012, demonstrating that Dr. Lyons's medical records cannot be considered by the Court as "new" and "material" evidence. However, as the magistrate judge stated in his report and recommendation, the plaintiff is not disqualified from reapplying for Social Security benefits if her condition has actually worsened since the ALJ's decision. If her condition has worsened, then, as the magistrate judge pointed out, "the proper remedy is to re-apply for Social Security benefits," rather than seeking "to overturn this ALJ's well-reasoned and detailed decision." ECF No. 25.

Second, she argues that she has not performed past relevant work for years, and that the magistrate judge's conclusion

regarding past relevant work was made in error.  Specifically, it appears that the plaintiff argues that she has been unable to work since June 1, 2010, and that her "work history is consistent with her health history substantiating her claim for disability."  ECF No. 27.  However, this Court again finds no error in the magistrate judge or ALJ's findings on the issue.  Specifically, the ALJ determined that the plaintiff could perform work similar to that of her prior occupations, which are described above.  Based on the record before it, this Court finds that the plaintiff provides no evidence that contradicts either the determinations of the ALJ or the report and recommendation of the magistrate judge.  Accordingly, the plaintiff's objections are overruled.

## IV.   Conclusion

Based upon a de novo review, the magistrate judge's report and recommendation is hereby AFFIRMED and ADOPTED.  Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED.  It is further ORDERED that this case be DISMISSED WITH PREJUDICE, with the exception of the plaintiff's claims concerning Dr. Lyons's medical records.  The claim concerning that evidence is to be DISMISSED WITHOUT PREJUDICE.  Finally, it is ORDERED that this case be STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

9

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 19, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE